**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**ANDERSON DIVISION**

| | |
|---|---|
| MYESHA SCOTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  8:16-cv-01748-MGL |
| ) | |
| PMAB, LLC, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S COMPLAINT**

Plaintiff, MYESHA SCOTT ("Plaintiff"), through her attorney, Chauntel D. Bland, Esquire, alleges the following against Defendant, PMAB, LLC ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Telephone Consumer Protection Act., 47 U.S.C. §227, et seq. ("TCPA").

3. The TCPA was designed to prevent calls and text messages like the ones described herein, and to protect the privacy of citizens like Plaintiffs. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

4. In enacting the TCPA, Congress intended to give consumers a choice as to how corporate similar entities may contact them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are

1

costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub. L. No. 102–243, § 11. In support of this, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

5. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id.* at §§ 12-13. *See also, Mims*, 132 S. Ct. at 744.

6. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

8. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

9. Plaintiff is a natural person residing in Greenwood, Greenwood County, South Carolina.

10. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

11. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

12. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6).

13. Defendant is, and at all times mentioned herein, a corporation and is a "person," as defined by 47 U.S.C. § 153 (10).

14. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

15. Defendant is a collection agency located in Charlotte, North Carolina.

16. Defendant is a business entity engaged in the collection of debt within the State of South Carolina.

17. Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of South Carolina and in the County of Greenwood, and within this judicial district.

18. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

19. When an unpaid, outstanding account is placed with Defendant it is assigned an account number.

20. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

21. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

22. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

23. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

24. As noted above, in 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

25. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(l)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

26. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

27. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party. The FCC "emphasize[d] that prior express consent is deemed to be

granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."

28. The TCPA prohibits the use of any "automatic telephone dialing systems" to call cellular telephones. It also prohibits the use of artificial or prerecorded messages.

    a. "Automatic telephone dialing system" means any equipment that has the "*capacity to dial numbers without human intervention.*" *Griffith v. Consumer Portfolio Serv., Inc.,* 2011 WL 3609012 (N.D. Ill. Aug. 16, 2011) (emphasis original).

## FACTUAL ALLEGATIONS

29. Defendant is attempting to collect a consumer debt belonging to Tina Walker ("Account").

30. The alleged debt owed arises from transactions for personal, family, and household purposes.

31. Within the last year, Defendant began calling Plaintiff on her cellular telephone at 864-337-57xx, looking for Tina Walker.

32. Defendant calls Plaintiff from 704-319-7188, which is one of Defendant's telephone numbers.

33. Defendant calls Plaintiff at an annoying and harassing rate, calling Plaintiff three (3) to four (4) times per day.

34. When Plaintiff answers Defendant's telephone calls, Plaintiff is greeted by an automated message which advises Plaintiff to "press 4," if she is not Tina Walker.

35. On more than one occasion, Plaintiff has pressed the number 4, and the call was immediately disconnected.

36. On more than one occasion, Defendant has left automated voicemail messages on Plaintiff's cellular telephone.

37. The aforementioned voicemail messages stated:

    "Hello this call is for Tina Walker. Hello. This call is from PMAB, LLC. All calls may be recorded. This call is regarding a business matter. Please call us at 704-553-7146, or toll free at 1-800-849-0088, Monday through Thursday from 8:00 a.m. to 8:00 p.m., or Friday and Saturday from 8:00 a.m. to 4:00 p.m. This communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose. Please respond to the following reference number when calling. Thank you. (inaudible)8415. Once again that reference number is (inaudible)8415."

38. Defendant placed collection calls to Plaintiff on his cell phone using an "automated telephone dialing system."

39. Defendant made numerous telephone calls to Plaintiff's cellular telephone. The telephone numbers that Defendant used to contact Plaintiff with an "automatic telephone dialing system," were assigned to cellular telephone services as specified in 47 U.S.C. § 227(b)(l)(A)(iii).

40. The calls Defendant placed to Plaintiff's cellular telephone were placed using an automatic telephone dialing system.

41. Defendant uses an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1), to place its repeated calls to Plaintiff.

42. Defendant's calls constitute calls that are not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

43. Defendant frequently uses skip-tracing services to locate telephone numbers used by consumers whom Defendant wishes to call.

44. Defendant's calls are placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

45. Under the TCPA and pursuant to the FCCs January 2008 Declaratory Ruling, the burden

is on the Defendant to demonstrate that the Plaintiff provided express consent within the meaning of the statute because it is the best entity to determine how numbers were attained.

46. Plaintiff is not a customer of Defendant's services, and has never provided her cellular telephone number to Defendant for any purpose whatsoever.

47. Accordingly, Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to 47 U.S.C. 227(b)(1)(A).

48. Even if Defendant received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice, "prior express consent" was revoked when Plaintiff pressed the number indicated to inform Defendant that she was not Tina Walker.

49. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

50. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

51. Defendant violated the FDCPA based on, but not limited to, the following:

    a. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, and abuse any person in connection with the collection of an alleged debt when Defendant continuously placed phone calls to Plaintiff's cellular telephone after Plaintiff requested Defendant to stop calling her;

    b. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass any person at the called number when Defendant continuously placed phone calls to Plaintiff's cellular telephone after Plaintiff requested Defendant to stop calling her.

WHEREFORE, Plaintiff, MYESHA SCOTT, respectfully requests judgment be entered against Defendant, PMAB, LLC, for the following:

52. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k.

53. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k.

54. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

55. Plaintiff repeats and re-alleges paragraphs 1-50 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

56. Defendant made unsolicited commercial phone calls to the wireless telephone number of Plaintiff using equipment that had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, *as* evidenced by the pre-recorded nature of the calls.

57. These phone calls were made without the prior express consent of Plaintiff.

58. Defendant's conduct therefore violated the TCPA by:

    a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in

8

violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff, MYESHA SCOTT, respectfully requests judgment be entered against Defendant, PMAB, LLC., for the following:

59. As a result of Defendant's negligent violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B).

60. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B) and 47 U.S.C. 227(b)(3)(C).

61. Plaintiff is entitled to and seek injunctive relief prohibiting such conduct in the future.

62. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

By: /s/Chauntel D. Bland_____
Dated: June 01, 2016         Chauntel D. Bland, Esquire
                             463 Regency Park Drive
                             Columbia, SC 29210
                             Tel: (803) 319-6262
                             Fax: (866) 322-6815
                             chauntel.bland@yahoo.com